## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENN JAMES | : | |
|    Petitioner | : | |
| v | : | Civil Action No. DKC-06-1302 |
| DHS/ICE and<br>IRA SHOCKLEY, Warden | : | |
| | : | |
|    Respondents | | |

o0o
## **MEMORANDUM**

Pursuant to this court's Order to Show Cause, Respondents have filed an Answer to the above-captioned Petition for Writ of Habeas Corpus. Paper No. 4. Petitioner has filed a Response to the Answer. Paper No. 5. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. For the reasons set forth below, the Petition shall be denied without prejudice and Respondent Shockley shall be required to file statue reports regarding Petitioner's removal.

Pending Motions

Petitioner filed a Motion to Proceed In Forma Pauperis with his Petition for Writ of Habeas Corpus. Paper No. 2. Upon his affirmation that he is without funds to pay the filing fee in this case, the motion shall be granted.

Respondents have filed a Motion to Substitute Parties. Paper No. 4. Specifically, Respondent moves to delete Department of Homeland Security and Immigration and Customs Enforcement as Respondent, leaving Ira Shockley as the proper Respondent in this action. Paper No. 4 at p. 2. Ira Shockley, as warden of Worcester County Detention Center, is the only proper Respondent named and the Motion to Substitute will be granted. *See Rumsfield v. Padilla*, 542 U.S. 426, 434 (2004) (proper respondent in habeas corpus proceedings is the person who has immediate

custody of the person detained).

## Background

Petitioner, a native of Antigua, challenges his continued detention pending his removal. Paper No. 1. He has been detained in the custody of Immigration and Customs Enforcement (ICE) since September 6, 2005. Paper No. 4 at Ex. B. The basis for the final order of removal, which was not contested by Petitioner, are his convictions for drug possession with intent to distribute in both the District of Columbia and Maryland.[1] *Id.* at Ex. A. Petitioner's criminal convictions made him subject to removal pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). Upon service of the notice of intent to issue and administrative removal order, Petitioner elected not to contest the allegations, waived the 14 day period of execution of the final removal order, and waived his right to seek judicial review. *Id.* at Ex. B.

Respondent asserts that ICE has repeatedly contacted the Antiguan Embassy in an effort to secure travel documents necessary for Petitioner's removal. *Id.* at Ex. C. Thus far no travel documents have been issued because the Embassy has not yet completed an internal investigation to determine if Petitioner is an Antiguan national. *Id.* Respondent notes, however, that ICE has successfully repatriated Antiguan citizens subject to final orders of removal 32 times in fiscal year 2005 and 18 times thus far in fiscal year 2006. *Id*

Petitioner states in response that: he has legal relatives in the United States; he is not a flight risk or threat to society; and he should be immediately released so that he can take care of his

---

[1] On April 13, 1987, Petitioner was convicted of possession with intent to distribute marijuana in the Superior Court for the District of Columbia. On December 12, 1990, he was convicted of attempted possession with intent to distribute cocaine in the Superior Court for the District of Columbia. On February 2, 1994, Petitioner was convicted of conspiracy to distribute cocaine in the Circuit Court for Frederick County, Maryland. On September 15, 1994, he was convicted of possession with intent to distribute cocaine in the Circuit Court for Carroll County, Maryland. Paper No. 4 at Ex. A.

children.  Paper No. 5 at p. 3.  In addition, he states that he has cooperated fully with efforts to obtain travel documents from the Antiguan Embassy and has volunteered to be deported to another country if he cannot be sent to Antigua.  *Id*. at p. 2.  He offers no evidence that repatriation to Antigua is not possible.  *See* Papers No. 1 and 5.

## Standard of Review

The decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001) governs whether an alien's detention pending removal is constitutional.  In *Zadvydas*, the Supreme Court held that post-removal-order detention under 8 U.S.C. § 1231(a) is implicitly limited to a period reasonably necessary to bring about the alien's removal from the United States and does not permit indefinite detention.  In sum, the Court found that after an order of deportation became final, an alien may be held for a six month period.  After this period:

> [o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 700.  The purpose of detaining a deportable alien is to insure his presence at the moment of removal. *See id*. at 697–99.  In cases where it is unlikely that removal will occur, detention of the alien no longer serves this purpose.  *See Clark v. Martinez*, 543 U.S. 371, 384, 125 S. Ct. 716, 726 (2005) (where repatriation negotiations for removal of inadmissible aliens to Cuba had ceased, removal was not reasonably foreseeable).

Analysis

Petitioner has the burden of proving that removal is not likely to occur in the reasonably foreseeable future. Upon a showing that removal is not likely to occur, Respondent must produce evidence to rebut that showing. *See Zadvydas*, 533 U.S. at 701 ("once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."). In the instant case, Petitioner has offered no evidence, other than the delay in obtaining travel documents, that his removal is not likely to occur in the foreseeable future. Respondent's assurance that others have been repatriated to Antigua will suffice as evidence that removal is likely to occur, however, in light of the length of Petitioner's detention and the absence of travel documents, the Petition for Writ of Habeas Corpus will be dismissed without prejudice. Respondent will be required to file a status report 30 days from now stating the progress made, if any, in obtaining travel documents for Petitioner's repatriation to Antigua. In the event it becomes evident to the court that Petitioner's removal is not forthcoming, Respondent will be required to again show cause why Petitioner's release should not be required.

A separate Order follows.

____8/11/06____                                    _____/s/_____
Date                                                            DEBORAH K. CHASANOW
                                                                United States District Judge